UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANI BETHEL,<br><br>    Plaintiff,<br><br>-against-<br><br>ROYAL LEAF NY LLC d/b/a STATIS CANNABIS DISPENSARY, CESAR OVIADO, and BRANDON BIANCO,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

  Plaintiff, EMANI BETHEL (Ms. Bethel or "Plaintiff"), by and through her attorneys, SACCO & FILLAS, LLP, complains against Defendants ROYAL LEAF NY LLC d/b/a STATIS CANNABIS DISPENSARY ("Royal Leaf," "Statis," or "Corporate Defendant"), Cesar Oviado ("Oviado"), and Brandon Bianco ("Bianco")("Individual Defendants" and together with Royal Leaf, "Defendants"), as follows:

## NATURE OF THE ACTION

  1. This action arises under Title VII of the Civil Rights Act of 1964; New York Executive Law §296 et seq.; the New York State Human Rights Law (hereinafter "NYSHRL" or "State Law"); the New York City Human Rights Law (hereinafter "NYCHRL" or "City Law") §8- 107 et. seq. based on the sexual harassment, disparate treatment, hostile work environment, harassment, discrimination based on her gender/sex and race/color and ultimately termination perpetrated against Ms. Bethel by Defendants.

## JURISDICTION AND VENUE

  2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and New York City law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

  3. Plaintiff has satisfied all jurisdictional prerequisites under Title VII. Plaintiff filed a

Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on August 29, 2024.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants conduct business in this judicial district, and (b)(2), because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## Parties

### *Plaintiff*

5. Emani Bethel is an individual citizen of the United States of America with a primary residence in Bronx County in the State of New York.

6. At all relevant times, Plaintiff was an "employee" as defined in 29 U.S.C. § 203.

7. Plaintiff was an "employee" within the meaning of the NYSHRL and NYCHRL.

### *Defendants*

8. Royal Leaf is a limited liability company with its principal place of business located at 817 East Tremont Ave, Bronx, NY 10460. Royal Leaf currently does business as Statis Cannabis Dispensary ("Statis"), the establishment at which Bethel was employed.

9. Statis Cannabis Dispensary operates as a recreational cannabis retailer.

10. At all relevant times, each Defendant was an "employer" as defined in 29 U.S.C. § 203.

11. Defendants were each employers within the meaning of the NYSHRL and NYCHRL, where they employed at least four (4) employees at all relevant times.

12. At all relevant times, each Defendant was engaged in commerce or in the production of goods or commerce as defined in 29 U.S.C. § 203, 206 and 207.

13. At all relevant times, Defendants had a gross annual revenue in excess of $500,000.

14. At all relevant times, Defendants constituted an "enterprise" within the meaning of the FLSA.

15. Upon information and belief, Oviado is an individual citizen of the State of New York, a resident of the State of New York and a Supervisor at Statis, a business owned and operated by Royal Leaf. Not only is Oviado an employer by virtue of his ability to affect the terms and conditions of Bethel's employment, but he is also subject to individual liability for his actions as an aider and abettor who actually participated in the conduct giving rise to the claims of discrimination herein.

16. Upon information and belief, Bianco is an individual citizen of the State of New York, a resident of the State of New York and the General Manager at Statis, a business owned and operated by Royal Leaf. Furthermore, Bianco not only holds the status of an employer due to his authority to establish the terms and conditions of Bethel's employment, but he also bears individual liability for his involvement as an aider and abettor who actively participated in the conduct that led to the claims of discrimination herein.

17. Plaintiff Emani Bethel was hired and terminated by Defendant Brandon Bianco.

## Factual Background

18. Plaintiff Emani Bethel was employed by each Defendant from June 17, 2023 to October 15, 2023.

19. Plaintiff worked for Defendants as a Sales Representative, stocking shelves, maintaining display areas, facilitating the sale of cannabis products, and ensuring the cleanliness of restroom facilities.

### *Race Discrimination and Sexual Harassment*

20. Soon after starting at Statis, Ms. Bethel noticed that supervisors showed favoritism to non-African-American employees.

21. During Plaintiff's employment, Defendants consistently assigned African American employees different and more onerous duties.

22. On one occasion, only the African American employees were asked to go to the back of the store and organize all of the inventory alphabetically. They were unable to complete this task before the end of their shifts. Rather than allowing other employees to continue the task, the defendants waited for Ms. Bethel and other African American employees to return the next day and complete the job.

23. Throughout Plaintiff's employment at Statis, Defendants would give employees rewards in the form of expensive cannabis products. These rewards were allegedly earned through hard work; however, neither Plaintiff nor any of the other African American employees received a reward.

24. Multiple male employees of Statis, including Oviado, openly commented on female employees' and customers' bodies.

25. Oviado would make sexual comments regarding female employees and customers directly to Ms. Bethel.

26. As Ms. Bethel continued to work for Defendants, Oviado became particularly offensive and inappropriate towards her. At least three (3) times a week, throughout Plaintiff's shifts, Oviado would discuss his private sexual life, particularly regarding his performance in bed, with an uninterested Ms. Bethel.

27. In or around July 2023, while Ms. Bethel and other Statis employees were trying on the store's uniform, an inventory manager inappropriately approached Ms. Bethel from behind and touched her under the guise of "fixing" the collar on her shirt. Bianco, an observer of the incident, failed to take any action to address or deter this unprofessional behavior.

28. In or around August 2023, Oviado began to tell Ms. Bethel, an African American woman, that he has dated Black women before and that he found them very voluptuous and sexy.

29. After this, Oviado began to regularly discuss his sex life and attraction to African American women with Ms. Bethel, regardless of the presence of other coworkers.

30. During Plaintiff's employment at Statis, Oviado persistently breached Ms. Bethel's personal space. This behavior included lingering in close proximity while she operated the cash register, excessively and unduly staring at her, and regularly approaching her throughout her shift to whisper in her ear.

31. Oviado whispered various things to Ms. Bethel, ranging from explicitly sexual remarks to making racial and gender-based stereotypes about African American women. This included referencing Ms. Bethel's behavior as aggressive and suggesting that she "fix her face."

32. Plaintiff routinely rejected Oviado's advances.

33. On multiple occasions, Ms. Bethel raised concerns directly with Bianco regarding Oviado's "management style." However, no action was taken to correct his behavior.

### *Retaliation and Termination*

34. On one occasion when Plaintiff was not feeling well and had only thirty (30) more minutes of her shift, Oviado told her to leave early. After allowing Ms. Bethel to leave early, Oviado falsely informed Bianco that she had left early without permission.

35. On the subsequent day, Bianco summoned Ms. Bethel to his office and communicated to her that she was suspended for a period of two (2) days, citing job abandonment as the cause. Bianco then requested Ms. Bethel to sign the suspension letter. However, Ms. Bethel refused to sign the document, asserting that she had not in fact left without authorization on the previous day. Despite this, Bianco proceeded to suspend Ms. Bethel.

36. On October 14, 2023, Ms. Bethel, while close to the entrance of the store, greeted a regular customer of Statis. Following the exchange, Plaintiff's coworker Brandon Pena ("Pena") summoned the customer to his cash register and subsequently initiated a series of confrontational remarks and aggressive behavior toward Ms. Bethel. Pena asked if she wanted the customer that badly and implied that Ms. Bethel was desperate for tips. While saying this, Pena began to move out from behind the cash register and towards Ms. Bethel to intimidate her physically. Oviado, an observer of the incident, did not intervene and instead instructed Ms. Bethel to leave for the rest of the day while allowing Pena's aggressive conduct to persist.

37. Soon after leaving work on October 14, 2023, Ms. Bethel explained the incident to Bianco.

38. Upon information and belief, Oviado had previously told Bianco that Ms. Bethel had been the aggressor.

39. Bianco unilaterally accepted Oviado's account of the incident and terminated Plaintiff.

## FIRST CAUSE OF ACTION
### Racial Discrimination under Title VII

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. Title VII of the Civil Rights Act of 1964 prohibits racial discrimination in employment.

42. Ms. Bethel, an African American female, was subjected to ongoing racial harassment and discrimination by employees, agents, and servants of Defendant Royal Leaf.

43. Further, Ms. Bethel, along with other African American employees at Statis, were subjected to disparate treatment and a hostile work environment, on the basis of her racial background as an African American.

44. The racial harassment Ms. Bethel suffered throughout her employment was so severe and pervasive that it altered the conditions of her employment such that it created a hostile working environment.

45. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Racial Discrimination under NYSHRL

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. The NYSHRL prohibits employers from discrimination against employees on the basis of, *inter alia*, race and/or ethnicity.

48. Plaintiff was an employee within the meaning of the NYSHRL.

49. Defendants were employers within the meaning of the NYSHRL.

50. Defendants discriminated against the plaintiff by allowing and, at specific points, actively engaging in making inappropriate comments that explicitly perpetuated racial stereotypes targeting Ms. Bethel as an African American.

51. Further, Defendants treated Ms. Bethel disparately by assigning her different duties and withholding incentives given to non-African-American employees.

52. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

## THIRD CAUSE OF ACTION

**Racial Discrimination under NYCHRL**

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. The NYCHRL prohibits employers from discrimination against employees on the basis of, *inter alia*, race and/or ethnicity.

55. Plaintiff was an employee within the meaning of the NYCHRL.

56. Defendants were employers within the meaning of the NYCHRL.

57. Defendants discriminated against the plaintiff by allowing and, at specific points, actively engaging in making inappropriate comments that explicitly perpetuated racial stereotypes targeting Ms. Bethel as an African American.

58. Further, Defendants treated Ms. Bethel disparately by assigning her different duties and withholding incentives given to non-African-American employees.

59. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**Gender Discrimination under Title VII**

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. Title VII prohibits discrimination, including disparate treatment, on the basis of gender / sex.

62. Plaintiff was consistently sexually harassed at work by, including but not limited to, Defendant Oviado and Defendant Bianco.

63. Additionally, when Defendants Oviado and Bianco were not actively sexually harassing Plaintiff, they witnessed but did not discourage other male employees from sexually harassing Plaintiff.

64. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
**Retaliation in Violation of Title VII against Corporate Defendant**

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. By the acts and practices described above, Defendant retaliated against Plaintiff for reporting and complaining about sexual harassment, in violation of Title VII.

67. Defendant knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

68. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CAUSE OF ACTION
**Gender Discrimination under NYSHRL**

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. The New York State Human Rights Law ("NYSHRL," New York Executive Law §296) prohibits discrimination on the basis of sex / gender.

71. As set forth above, Ms. Bethel, as a female, was clearly and repeatedly treated differently and worse than similarly situated male employees.

72. In addition, Ms. Bethel was also subjected to direct sexual harassment, including, but not limited to inappropriate comments, inappropriate touching, and other harassment.

73. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION**
**Retaliation in Violation of NYSHRL**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. By the acts and practices described above, Defendant retaliated against Plaintiff for reporting and complaining about sexual harassment, in violation of NYSHRL.

76. Defendant knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

77. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

**EIGHTH CAUSE OF ACTION**
**Gender Discrimination under NYCHRL**

78. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79. The New York City Human Rights Law ("NYCHRL") prohibits discrimination on the basis of sex / gender.

80. As set forth above, Ms. Bethel, as a female, was clearly and repeatedly treated differently and worse than similarly situated male employees.

81. In addition, Ms. Bethel was also subjected to direct sexual harassment, including, but not limited to inappropriate comments, inappropriate touching, and other harassment.

82. As a result of this discrimination, Ms. Bethel has been damaged in an amount to be determined at trial, the costs and disbursements of this action, including reasonable attorneys' fees; punitive damages due to the clear malice and reckless indifference demonstrated by Royal Leaf; all relevant interest; and any such other relief to Plaintiff as this Court deems just and proper.

## NINTH CAUSE OF ACTION
### Retaliation in Violation of NYCHRL

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. By the acts and practices described above, Defendant retaliated against Plaintiff for reporting and complaining about sexual harassment, in violation of NYCHRL.

85. Defendant knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

86. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned federal, State, and City laws;

B. An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with her claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for Defendants' unlawful conduct;

C.  An award of damages to be determined at trial to compensate Plaintiff for emotional distress and mental anguish in connection with her claims;

D.  An award of punitive damages as provided by law;

E.  The maximum liquidated damages allowed pursuant to the aforementioned laws;

F.  An award of reasonable attorneys' fees, as well as all costs and disbursements incurred in prosecuting her claims, including expert witness fees and other costs;

G.  An award of pre-judgment and post-judgment interest, as provided by law; and

H.  Granting such other and further relief as the Court finds necessary and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by a jury of all issues and causes in the action.

Dated:  Astoria, New York
       November 26, 2024

Respectfully submitted,

By: _____
Madeline Howard, Esq.
Sacco & Fillas LLP
Attorneys for Plaintiff
31-19 Newtown Ave., 7th Fl.,
Astoria, NY 11102
718-269-2251

TO:  Emely Chavez
Royal Leaf NY LLC
817 East Tremont Ave
Bronx, NY 10460